

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

October 19, 1949

Hon. L. A. Woods
State Superintendent
Department of Education
Austin, Texas

Opinion No. V-938.

Re: The legality of an in-
dependent school dis-
trict which is not
participating in the
Foundation School Pro-
gram purchasing school
buses direct rather
than through the Board
of Control.

Dear Sir:

We refer to your inquiry attached to which is
a letter addressed to you from the Superintendent of the
Odessa Public Schools, which reads in part:

"The Board of Trustees of the Ector Coun-
ty Independent School District of Odessa, Tex-
as, has requested me to write you regarding the
purchase of buses, tires and tubes which the
Board of Trustees is presently contemplating.
. . . The Board does not desire to make these
purchases through the Board of Control and
feels that . . . Article 634 (B) is applicable
only to school districts participating in the
Foundation School Program. As you know, the
Ector County Independent School District has
been declared not eligible for such aid and is
not participating in this program.

"In view of these facts, the Board of Trus-
tees desires an opinion from the Attorney Gen-
eral . . . as to whether or not it is mandatory
for the Board of Trustees of Ector County Inde-
pendent School District to purchase all buses,
tires and tubes used by it through the Board
of Control of the State of Texas."

It is our understanding that the amount of lo-
cal funds to be charged to the Ector County Independent
School District (S.B.116, Art.VI, Sec.5) toward financ-
ing its minimum foundation program, when added to the

amount of the State and County Available School Funds to be realized by the district, produces a sum sufficient to finance the entire cost of its Foundation School Program for the 1949-1950 school year.  This sufficiency of the district's local fund assignment coupled with its State and County Available Funds (Art.VI, Sec.1b) renders the district ineligible this year for any State money appropriated for purposes of Senate Bill 116.  It is clear, therefore, that the Ector district will not participate in the Foundation School Fund appropriated by the 51st Legislature in Senate Bill 117 to finance the minimum foundation school program.

Section 3 of Article V, Senate Bill 116, 51st Legislature, (codified as Art.634 (B) in Vernon's Civil Statutes) provides in part in paragraph 1:

"All motor vehicles used for transporting school children, including buses, bus chassis, and bus bodies, tires and tubes, purchased for or by any school district <u>participating in the Foundation School Program</u>, shall be purchased by and through the Board of Control . . ."

Paragraph 2 provides in part:

"Such motor vehicles, including buses, bus chassis, bus bodies, tires and tubes, shall be purchased on competitive bids under such rules and regulations as may be made by the Board of Control . . ."

Paragraph 3 provides:

"Any such buses, owned by any county or school district, which are to be sold, traded in, or otherwise disposed of, must be disposed of either by the Board of Control, or by the County School Board of the school district under such rules and regulations as the Board of Control may provide, and the sale price or trade-in value of any such buses shall be considered <u>in determining eligibility for transportation grants.</u>"

Paragraph 4 provides:

"Compliance with this Section shall be

a condition precedent to <u>participation in the</u>
<u>Foundation School Fund</u>, and any school district
failing or refusing to comply with the terms
and conditions of this Section shall be ineli-
gible to share in <u>the Foundation School Fund</u>
for one year from the date of such failure or
refusal or such violation of the terms hereof."
(Emphasis added throughout)

That part of paragraph 1 requiring compliance
by all districts "participating in the Foundation School
Program," when considered apart from other provisions in
Section 3, would perhaps warrant the construction that
Section 3 was meant to apply to every school district in
Texas.  For in a real sense every school district, by
virtue of the provisions of Senate Bill 116, is required
to expend its efforts toward providing at least the min-
imum foundation program established by that Act. A.G.
Opinion V-921.

But considering that clause, in its relation
to the spirit and purpose of the other quoted provisions
of Section 3, we think Section 3 (Art.634(B) V.C.S.) was
intended to apply only to school districts which are par-
ticipating in the Foundation School Program in both a
cooperative and monetary sense.  It applies only to those
districts which are participating in the Foundation School
Fund promised in Senate Bill 116 and provided in Senate
Bill 117.  Had the Legislature meant Section 3 to apply to
every school district in Texas, it could have so provided
by deleting from paragraph 1 the modifying clause in ques-
tion.

The spirit and purpose of Section 3 as a whole,
we think, is to require every school district participat-
ing in Foundation School Funds (part of its costs of oper-
ation involving transportation grants) to purchase its
school buses, tires and tubes, et cetera, through one
agency, the State Board of Control, on a competitive bid
basis, to the end that such districts shall realize full
value for the money they acquire through Foundation School
Fund participation.  The Legislature's primary concern
in its enactment of Section 3 is that costs of transpor-
tation of public school scholastics be minimized by pur-
chase of necessary bus equipment and repairs at the low-
est cost whenever the district is financed in part by
Foundation School Fund moneys.

The bus purchasing provisions of House Bill

295, the State Equalization law for the 1947-1949 biennium, were made applicable only to State aid districts under that law.  In similar but less certain language, the bus purchasing provisions in Senate Bill 116 are made applicable and are mandatory only as to school districts receiving State aid from Foundation School Funds.

But all school districts, whether they are to receive Foundation School Funds or not, may avail themselves of savings afforded through purchase of their school buses, etc., through the facilities of the Board of Control in the manner set out in Section 3 of Article V of Senate Bill 116.

## SUMMARY

Under Section 3 of Article V of Senate Bill 116, 51st Legislature, a school district which is not eligible to participate in Foundation Program Funds provided in Senate Bill 117, 51st Legislature, is not required to purchase its school buses, bus equipment, tires, and tubes through the State Board of Control.  Art. 634 (B), V.C. S., as amended.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:mw

APPROVED

*Joe R Greenhill*

FIRST ASSISTANT
ATTORNEY GENERAL